IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

AMANDA SUE BROWN,

                        Plaintiff,

        v.                                                        OPINION and ORDER

ANDREW SAUL,                                                19-cv-531-jdp
Commissioner of the Social Security Administration,

                        Defendant.

---

Plaintiff Amanda Sue Brown seeks judicial review of a final decision of defendant Andrew Saul, Commissioner of the Social Security Administration, finding Brown not disabled within the meaning of the Social Security Act. Brown contends that the administrative law judge erred by: (1) failing to include Brown's mental limitations related to concentration, persistence, and pace into the residual functional capacity assessment and hypothetical question to the vocational expert; and (2) failing to adequately consider the limitations caused by Brown's migraine headaches.

The court is not persuaded that the ALJ erred, so it will affirm the commissioner's decision. The oral argument scheduled for March 24, 2020, is canceled.

ANALYSIS

Brown seeks benefits for disability beginning on April 30, 2015, when she was 29 years old. R. 10.[1] In an August 2018 decision, the ALJ found that Brown suffered from several severe impairments, including degenerative disc disease of the lumbar spine, status post bilateral knee

---

[1] Record cites are to the administrative record, located at Dkt. 8.

procedures, status post two left hip surgeries, migraines, depression, and anxiety. R. 13. The ALJ concluded that Brown had the residual functional capacity to perform sedentary work, with additional mental, environmental, and postural restrictions. R. 16. Relying on the testimony of a vocational expert, the ALJ found that Brown could still perform work in the national economy despite her impairments. R. 27.

The case is now before this court to determine whether the ALJ's decision is supported by substantial evidence, which means "sufficient evidence to support the agency's factual determinations." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). The threshold for sufficiency is not high; the substantial evidence standard requires only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* The ALJ must identify the relevant evidence and build a "logical bridge" between that evidence and the ultimate determination. *Moon v. Colvin*, 763 F.3d 718, 721 (7th Cir. 2014).

## A. Concentration, persistence, and pace

Brown first contends that the ALJ's residual functional capacity assessment and hypothetical question did not include all of her limitations in concentration, persistence, and pace. The ALJ gave significant weight to the opinions of Drs. Beth Jennings and Stephen Kleinman, who stated that because of her ADHD, Brown "may have some difficulty maintaining attention" and "would do best in an unskilled position that has more flexible production quotas (weekly vs. daily for example.)." R. 115, 127, 146–47, 162–63. Brown contends that the ALJ's residual functional capacity assessment was inconsistent with Jennings's and Kleinman's opinions because the ALJ did not expressly limit Brown to "flexible production quotas." Instead, the ALJ limited Brown to "simple, routine, and repetitive tasks performed in a work environment free of fast-paced production requirements." R. 16. Brown

focuses on the ALJ's use of "fast-paced production," and argues that the phrase relates to "pace," whereas the psychologists' limitation relates to control of the workload. Brown contends that the ALJ should have restricted her to self-paced work, piecework, or worker-directed work, because such restrictions would have better encapsulated Jennings's and Kleinman's opinions.

Brown's argument is not persuasive. The residual functional capacity assessment and hypothetical question must account for all of a claimant's demonstrated psychological symptoms, including limitations related to concentration, persistence, and pace. *DeCamp v. Berryhill*, 916 F.3d 671, 675 (7th Cir. 2019). But the ALJ is not required to use specific language or to impose restrictions that are not supported by the record evidence. *Jozefyk v. Berryhill*, 923 F.3d 492 (7th Cir. 2019) (per curiam). By restricting Brown from fast-paced production requirements, the ALJ precluded Brown from work that would have production requirements, or quotas, based on producing at a fast pace. The ALJ's limitation provided for what Jennings and Kleinman recommended—a more flexible production quota.

Brown cites no record evidence to support her argument that the ALJ could provide for flexible production quotas only by limiting Brown to self-paced work, piecework, or worker-directed work. Brown discusses the Occupational Requirements Survey, which is an occupational survey conducted by the Bureau of Labor Statistic that publishes job-related information. She says that the survey's treatment of pace and workload issues supports her argument that workers with self-directed work have greater flexibility than other workers. But Brown fails to explain how that survey is relevant to the ALJ's decision in this case. She does not say that Jennings or Kleinman cited the survey or that the ALJ relied on it in assessing Brown's residual functional capacity.

Finally, the ALJ's assessment is supported by other evidence in the record. The ALJ noted that Brown's ADHD was not severe and was controlled with medication. R. 13. He noted that her medication made her more focused, less frustrated, and less irritable. *Id.* Nonetheless, the ALJ considered the effects of Brown's ADHD in assessing her residual functional capacity. *Id.* The ALJ also discussed the opinions of Dr. Gregory Cowan, a psychological consultant examiner, who gave the opinion that Brown's concentration, attention, and work pace were unimpaired by psychological factors. R. 482. The ALJ gave Cowan's opinion "some weight," and stated specifically that he had considered Cowan's opinion when finding that Brown retained the ability to work without fast-paced production requirements. R. 26. In sum, the ALJ's assessment of Brown's limitations in concentration, persistence, and pace was supported by substantial evidence.

## B. Migraines

Brown next contends that the ALJ misstated the nature and extent of her migraine headaches by finding that her condition had improved during the relevant time period. She says that if the ALJ had considered all of the relevant evidence, the ALJ would have found that Brown was disabled because she has debilitating migraines on more than four days each month. But Brown has not shown that the ALJ erred in considering Brown's migraines.

The ALJ did not dismiss the severity of Brown's migraines. He discussed Brown's treatment for headaches and migraines from 2015 to 2017, and he noted that Brown had been prescribed various medications for her headaches. R. 18–21, 24–25. He also noted that Brown had sought emergency treatment for an acute migraine on at least two occasions. R. 19, 21. The ALJ concluded that Brown's migraines were a severe impairment that limited Brown's

ability to work, R. 14, and restricted her from any work involving excessive noise or unprotected heights. R. 26. But for several reasons, the ALJ did not think that Brown's migraines precluding her from working.

At several medical appointments, Brown reported that her headaches were well-controlled with her prescription medications. R. 14, 19–21. The ALJ noted that several months passed between some of Brown's headache complaints. R. 21. When Brown sought emergency treatment for an acute migraine in February 2017, she responded well to hydration and medication. R. 14. Brown presented consistently as alert, oriented, and neurologically intact at her numerous medical appointments. R. 14. She engaged in a variety of daily activities, including taking care of two children and working at several part-time jobs after her alleged onset date. R. 25. And the reviewing physicians, Syd Foster and Pat Chan, considered Brown's headaches and concluded that Brown was capable of working. R. 25, 114, 160–61.

Brown argues that the ALJ disregarded evidence showing that she suffers debilitating migraines at least four days a month. But the only evidence Brown cites to support her argument that she suffers migraines with such frequency is a May 2017 note from Brown's treating provider, stating that Brown had been experiencing migraines twice a week. R. 1113. The ALJ considered this report, and he noted that Brown's medical provider had adjusted her medications and offered to refer Brown to a neurologist at this appointment. Brown declined to see a neurologist, R. 21, and there are no additional medical records post-dating May 2017 relating to her migraines. The ALJ explained adequately why he did not find Brown's migraines to be disabling, and Brown's self-report at one appointment does not establish that she is precluded from work.

The court concludes that the ALJ's decision is supported by substantial evidence, which is all that is required. The court will affirm the ALJ's decision.

ORDER

IT IS ORDERED that the decision of the commissioner is AFFIRMED and the March 24, 2020 oral argument is CANCELED. The clerk of court is directed to enter judgment in favor of the commissioner and close this case.

Entered March 11, 2020.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge